IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCO ANTONIO GONZALEZ RAMIREZ,

Petitioner,

ORDER

v.

26-cv-979-wmc

RICHARD MEISTER, Sheriff of Sauk County;
MARKWAYNE MULLIN, Secretary, U.S. Department Of Homeland Security;
TODD BLANCHE, U.S. Attorney General;
JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services;
SAM OLSON, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement,

Respondents.

---

Petitioner Marco Antonio Gonzalez Ramirez, who is represented by counsel while in immigration removal proceedings, has filed a petition for a writ of habeas corpus seeking his release from detention by Immigration and Customs Enforcement ("ICE") at the Sauk County Jail in Baraboo, Wisconsin. (Dkt. #1.) Specifically, petitioner seeks release pending the adjudication of his application for a non-immigrant U-visa by United States Citizenship and Immigration Services ("USCIS"), which he filed after being sexually assaulted by his cellmate, a registered sex offender. For that crime, the perpetrator has now been charged by the Sauk County District Attorney's Office with third degree sexual assault in violation of Wis. Stat. § 225(e)(1) in Case No. 26-CF-555, which remains pending.

A U-visa is available to victims of qualifying criminal activity who have been helpful to law enforcement, allowing recipients to remain and work lawfully in the United States while a criminal prosecution is pending. *See* 8 U.S.C. § 1101(a)(15)(U) (describing eligibility for the U-visa and qualifying crimes, which include rape, sexual abuse, and sexual assault). An assistant district attorney has certified that petitioner was a victim of a qualifying U-visa crime and has been helpful to the prosecution as required by 8 U.S.C. § 1184(p)(1); 8 C.F.R. § 214.14(c)(2)(i) (2026). (Ex. C, Supplement B, U Nonimmigrant Status Certification (dkt. #1-4) 45-48.) Petitioner's application for a U-visa remains pending before USCIS.

Petitioner, who was recently ordered removed by an immigration judge on September 1, 2026, argues that he is eligible for a U-visa and is entitled to release while his application is pending as a matter of due process and as a class member in *Immigration Center for Women & Children ("ICWC") v. Noem*, 351 F.R.D. 324 (C.D. Cal. May 20, 2026), in which the Central District of California granted an injunction and preliminarily certified three classes of U, T, and VAWA petitioners whose protection from removal was purportedly rescinded by 2025 Guidance, ICE Policy No. 11005.4. Petitioner's own order of removal will become final on October 1, 2026, and thus far ICE has denied his request to be released while his U-visa remains pending with little explanation or consideration of his arguments.

A movant for a TRO must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). For reasons discussed on the record at a hearing on September 28, 2026, the court found that petitioner made a substantial showing of entitlement to injunctive relief and granted his motion, in part, subject to further proceedings on whether a preliminary injunction is actually warranted. Specifically, while the court denied petitioner's request for immediate release from custody, the court ordered respondents to refrain from moving him from this court's jurisdiction while it considers the compelling interest possessed both by petitioner and the public in ensuring petitioner's availability to participate in the Sauk County criminal prosecution in which he is likely to be a, if not the, key witness as the victim.

ORDER

IT IS ORDERED THAT:

1) Petitioner's motion for a temporary restraining order (dkt. #3) is GRANTED IN PART: respondents shall REFRAIN from moving petitioner to any facility outside the jurisdiction of this court during the pendency of this proceeding; and respondents shall further ENSURE that counsel for petitioner is able to contact him.

2) Within seven (7) days of the date of this Order, petitioner may amend his claims and shall supplement the record with proposed findings of fact consistent with this court's procedures to be followed on motions for injunctive relief.

3) Petitioner shall further ensure that all of the respondents have been properly served.

4) Respondents shall have an additional 21 days after petitioner's proposed findings of fact are docketed to file a response to the motion for preliminary injunctive relief.

5) Following these submission, the court will issue a separate order setting the matter for a hearing on the motion for preliminary injunction, if necessary.

Entered this 29th day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge